**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOSEPH M. HADLEY,                                                                    PETITIONER
ADC #144750,

v.                                        5:14CV00224-JM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Petitioner, Joseph Hadley, was convicted by a Pulaski County jury of aggravated robbery and theft of property on May 20, 2009. (Doc. No. 1.) He was sentenced to 132 months in the Arkansas Department of Correction. (Doc. No. 8.) The State alleged Mr. Hadley was on probation at the time, and immediately following the trial, the trial court held a hearing on the State's motion to revoke his probation. (*Id.*) The Court revoked his probation, and he was sentenced. From that decision, Mr. Hadley appealed both his conviction and the probation revocation. On appeal, Mr. Hadley claimed that his convictions of aggravated robbery and theft of property should be reversed because the trial court abused its discretion by overruling his hearsay objection. He also argued that the trial court erred in revoking his probation because the State failed to prove that he was on probation when he committed the acts on which his probation was based. *Hadley v. State,* 2011 Ark. App. 138. The Arkansas Court of Appeals affirmed his convictions, but reversed the trial court's decision to revoke his probation. *Id.*[1] In its February 23, 2011, opinion, the court summarized the facts underlying Mr.

---

[1]As Respondent notes, Mr. Hadley was separately tried and convicted on a charge of being a felon in possession of a firearm. The Arkansas Court of Appeals affirmed that conviction on

Hadley's conviction and sentence as follows:

> On May 12, 2008, [Hadley] took a man's automobile from the man's garage. The man called the police and went outside his house. While outside, he saw [Hadley] exiting from the automobile and noticed that the vehicle's lights flashed, indicating that someone had used the automobile to remotely engage the automatic lock. The man entered another vehicle, drove a short way down his street, and politely asked [Hadley] to return the key. [Hadley] first ignored him and continued walking, but then motioned for the man to come near him. When the man did so, [Hadley] drew a pistol, pointed it at the man's face, and exclaimed, "How do you like that,[expletive]?" As the man began to drive away, [Hadley] fired the pistol into the air. [Hadley] was soon apprehended by police, who found a semi-automatic pistol, spent shell casings, and the key to the stolen vehicle in [Hadley]'s possession. These events led to [Hadley]'s convictions for aggravated robbery, employing a firearm to commit that robbery, and theft of property in Pulaski County Case No. CR-2008-2609. As noted above, these events were also the basis for the State's petition to revoke [Hadley]'s probation in CR-2005-18.

*Hadley v. State,* 2011 Ark. App. 138.

Three months later, on May 10, 2011, Mr. Hadley, represented by counsel, filed a Rule 37 petition in Pulaski County Circuit Court. (Doc. No. 1-1 at 9-16.) The trial court held a hearing and subsequently denied relief in an order dated May 18, 2012. (Doc. No. 8.) Mr. Hadley did not appeal that decision – claiming that counsel was paid to do so, but did not file an appeal on his behalf. (Doc. No. 1 at 9.)

In the instant Petition, Mr. Hadley alleges that (1) he received ineffective assistance of counsel and (2) he is actually innocent. (Doc. Nos. 1 and 2.)

## II.    ANALYSIS

### A.    Statute of Limitations

Respondent argues that Mr. Hadley's Petition is barred by the statute of limitations. (Doc. No. 8 at 2.) Title 28 U.S.C. §§ 2244 (d)(1) and (d)(2) impose a one-year period of limitation on

June 23, 2010. *See Hadley v. State*, 2010 Ark. App. 515.

petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds the Petition is untimely.  The one-year limitations period began to run on March 14, 2011 – when Mr. Hadley's time for seeking discretionary review of the Arkansas Court of Appeals decision expired.  (Doc. No. 8 at 2.) *See also* 28 U.S.C. § 2244(d)(1)(A).  The Court of Appeals decided Mr. Hadley's direct appeal on February 23, 2011, and his time to seek review of that decision expired eighteen days later – on Sunday, March 13, 2011.  Therefore, the statute of limitations clock began running Monday, March 14, 2011.  Mr. Hadley's time clock ran for 57 days and was tolled on Tuesday, May 10, 2011, until the trial court denied his Rule 37 petition in an order entered May 18, 2012. (*Id.*) As such, Mr. Hadley had until March 22, 2013 – 308 days later – to timely file his Petition in this Court.  The

instant Petition, filed on June 5, 2014, was over a year late.  Therefore, this matter should be dismissed as time barred.

**B.      Procedural Default**

Respondent additionally argues that the Petition is procedurally defaulted.  (Doc. No. 58 at 3.)  The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

Mr. Hadley was required to first present his claims to the Arkansas courts "as required by state procedure," in a petition under Rule 37.  *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].") Although Mr. Hadley filed a Rule 37 petition, he failed to appeal the trial court's decision. As such, his claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged

violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review, the Court concludes that Mr. Hadley fails to show any cause and prejudice, and thus, his Petition is procedurally barred.

Mr. Hadley claims that under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), he has cause for his procedural default because his Rule 37 counsel failed to appeal the trial court's order denying Rule 37 relief. The United States Supreme Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), recognized the general rule established in *Coleman v. Thompson*, 501 U.S. 722 (1991), that counsel's negligence in state post-conviction proceedings does not amount to cause for a later default in a federal habeas petition and then created a "narrow exception" to the rule in *Coleman.* The Court held that "where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default may not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective." *Martinez,* 132 S.Ct. at 1318.

Further, the *Martinez* Court specifically found that "the holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* The Court held that its new rule "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial review collateral proceeding may be deficient for other reasons." *Id.* Such is the case here. Mr. Hadley's default occurred when his Rule 37 counsel

allegedly failed to appeal the denial of his Rule 37 petition. Given the facts in this case and the claims raised, under *Martinez*, the Court concludes that this is not cause for a procedural default.

As to his claim of actual innocence, the Petitioner must establish that (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* F.3d 921, 934 (8th Cir. 2012). Mr. Hadley offers no new and reliable evidence, so this exception does not apply. He only argues that the State did not prove him guilty of aggravated robbery. This is not sufficient to overcome his untimely filing or his procedural default.

After careful review, the Court concludes that Mr. Hadley's claims are procedurally defaulted and time barred. Accordingly, his Petition for Writ of Habeas Corpus should be dismissed with prejudice.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Hadley has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Hadley's Petition (Doc. No. 1) be DISMISSED with prejudice and the requested

relief be DENIED.

     2.     A certificate of appealability should not be issued.

     3.     All pending motions be DENIED as moot.

DATED this day 13th of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE